# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

JANICE MARLENE KOSAK AND
JANICE ASHLEY CHAISSON

VERSUS

LOUISIANA FARM BUREAU
CASUALTY INSURANCE COMPANY,
DARRIAN BOZEMAN, BRYAN
BOZEMAN, GEICO CASUALTY
COMPANY

**NOVEMBER 8, 2021**

---

In Re:    Louisiana Farm Bureau Casualty Insurance Company, applying for supervisory writs, 21st Judicial District Court, Parish of Livingston, No. 151193.

---

**BEFORE:   WHIPPLE, C.J., PENZATO AND HESTER, JJ.**

**WRIT NOT CONSIDERED IN PART; WRIT GRANTED IN PART.** Regarding the motion for summary judgment, this writ application fails to comply with the Uniform Rules of Louisiana Courts of Appeal, Rule 4-5(C)(8). Relator failed to include all pleadings upon which the ruling was founded, including but not limited to all pleadings filed in support and opposition to Louisiana Farm Bureau Casualty Insurance Company's ("Farm Bureau") motion for summary judgment, including but not limited to all exhibits filed with such pleadings. Further, a transcript of the hearing was not provided, and the district court's reasons for denial of the motion are not evident from the writ application. See La. Code Civ. P. art. 966(C)(4). This court requires a transcript of the hearing in order to properly review this issue.

Supplementation of this writ application and/or an application for rehearing will not be considered. Uniform Rules of Louisiana Courts of Appeal, Rules 2-18.7 & 4-9.

In the event relator seeks to file a new application with this court, it must contain all pertinent documentation, the missing items noted above, and must comply with Uniform Rules of Louisiana Courts of Appeal, Rule 2-12.2. Any new application must be filed on or before November 12, 2021, at 9:00 a.m., and it must contain a copy of this ruling.

Regarding the jury issue, the district court's September 28, 2021 *sua sponte* order vacating its previous order granting the motion to withdraw cash jury bond filed by Farm Bureau is vacated. Farm Bureau complied with La. Code Civ. P. art. 1733(B) by filing its motion to withdraw its request for jury trial in writing. The district court erred in subsequently vacating its previous order granting the motion to withdraw the jury bond. In order to obtain a jury trial, a party is required to comply with the Code of Civil Procedure, which dictates that

to maintain a jury trial, "[a] civil litigant must timely file a pleading demanding a trial by jury and a bond of sufficient amount." **Spencer v. Benny's Car Wash, LLC,** 2011-1708 (La. App. 1st Cir. 5/4/12), 2012 WL 1580601, *5 (unpublished).

**VGW**
**AHP**
**CHH**

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT